E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
National Cryptocurrency Enforcement Team
Computer Crime and Intellectual Property Section
NISHA CHANDRAN (Cal. Bar No. 325345)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-1785/2429
     Facsimile: (213) 894-1042
     E-mail:    maxwell.coll@usdoj.gov
                nisha.chandran@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>LU ZHANG,<br>　aka "Nikki,"<br>JOSEPH WONG,<br>JUSTIN WALKER, and<br>HAILONG ZHU,<br><br>　　　　Defendants. | No. 2:23-cr-00596-RGK<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:　02/06/2024**<br>**PROPOSED TRIAL DATE:　09/17/2024** |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Maxwell Coll and Nisha Chandran, and defendant LU ZHANG ("defendant ZHANG"), both individually and by and through her counsel of record, Shaun Khojayan, and defendant JUSTIN WALKER ("defendant WALKER"), by and

1  through his counsel of record, Michael D. Walsh, hereby stipulate as
2  follows.  Defendants Joseph Wong and Hailong Zhu remain fugitives.
3      1.   The Indictment in this case was made public on December 13,
4  2023.  Defendants first appeared before a judicial officer of the
5  court in which the charges in this case were pending on December 13,
6  2023.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required
7  that the trial commence on or before February 21, 2024.
8      2.   On December 13, 2023, the Court set a trial date of
9  February 6, 2024, at 9:00 a.m.
10     3.   Defendant ZHANG is detained pending trial.  Defendant
11 WALKER is on bond pending trial.  The parties estimate that the trial
12 in this matter will last approximately five days.  The defendants are
13 joined for trial and a severance has not been granted.
14     4.   By this stipulation, defendants ZHANG and WALKER move to
15 continue the trial date to September 17, 2024.  This is the first
16 request for a continuance.
17     5.   Defendant requests the continuance based upon the following
18 facts, which the parties believe demonstrate good cause to support
19 the appropriate findings under the Speedy Trial Act:
20         a.   Defendants ZHANG and WALKER are charged with
21 violations of Conspiracy to Commit Money Laundering, in violation of
22 18 U.S.C. § 1956(h); Concealment Money Laundering, in violation of 18
23 U.S.C. § 1956(a)(1)(B)(i); and International Money Laundering, in
24 violation of 18 U.S.C. § 1956(a)(2)(B)(i).  Upon entry of respective
25 protective orders, the government will produce discovery to the
26 defense, including thousands of pages of financial documents,
27 photographs, videos, electronic messages, and written reports, among
28 other files.  The government also seized several electronic devices

1  on December 12, 2023, and is in the process of accessing those
2  devices and translating messages from Mandarin to English.  The
3  government will produce additional discovery as it becomes available.
4        b.   On January 2, 2024, defendant WALKER's current counsel
5  substituted in as counsel of record.  Defense counsel for defendant
6  WALKER is presently scheduled to be in trial as described in Appendix
7  A.  Accordingly, counsel represents that he will not have the time
8  that he believes is necessary to prepare to try this case on the
9  current trial date.
10        c.   On January 26, 2024, defendant ZHANG's current counsel
11  substituted in as counsel of record.  Defense counsel for defendant
12  ZHANG is presently scheduled to be in trial as described in Appendix
13  B.  Accordingly, counsel represents that he will not have the time
14  that he believes is necessary to prepare to try this case on the
15  current trial date.
16        d.   In light of the foregoing, counsel for both defendants
17  also represent that additional time is necessary to confer with
18  defendants, conduct and complete an independent investigation of the
19  case, conduct and complete additional legal research including for
20  potential pre-trial motions, review the discovery and potential
21  evidence in the case, and prepare for trial in the event that a
22  pretrial resolution does not occur.  Defense counsel represent that
23  failure to grant the continuance would deny them reasonable time
24  necessary for effective preparation, taking into account the exercise
25  of due diligence.
26        e.   Defendants believe that failure to grant the
27  continuance will deny them continuity of counsel and adequate
28  representation.

f. The government does not object to the continuance.

g. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of February 6, 2024 to September 17, 2024, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

//
//

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: January 26, 2024            Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division

         /s/
_____
MAXWELL COLL
NISHA CHANDRAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am defendant LU ZHANG'S attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than September 17, 2024, is an informed and voluntary one.

_____    1/21/24
~~CALEB SOLAR GRODSKY~~ Shaun Khojayan    Date
Attorney for Defendant
LU ZHANG

I have read this stipulation and have carefully discussed it with my attorney. This agreement has been read to me in Mandarin, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than September 17, 2024.

_____    1/21/24
LU ZHANG    Date
Defendant

**CERTIFICATION OF INTERPRETER**

I, Yong Jia Johnston, am fluent in the written and spoken English and Mandarin languages. I accurately translated this entire agreement from English into Mandarin to defendant LU ZHANG on this date.

_____    1/21/24
Interpreter    Date

6

```
 1    I am defendant JUSTIN WALKER'S attorney. I have carefully
 2  discussed every part of this stipulation and the continuance of the
 3  trial date with my client. I have fully informed my client of his
 4  Speedy Trial rights. To my knowledge, my client understands those
 5  rights and agrees to waive them. I believe that my client's decision
 6  to give up the right to be brought to trial earlier than September
 7  17, 2024, is an informed and voluntary one.
 8
 9  MICHAEL D. WALSH                              Date  1-23-24
    Attorney for Defendant
10  JUSTIN WALKER

11    I have read this stipulation and have carefully discussed it
12  with my attorney. This agreement has been read to me in Mandarin, the
13  language I understand best, and I have carefully discussed every part
14  of it with my attorney. I understand my Speedy Trial rights. I
15  voluntarily agree to the continuance of the trial date, and give up
16  my right to be brought to trial earlier than September 17, 2024. I
17  understand that I will be ordered to appear in Courtroom 850 of the
18  Roybal Federal Building and U.S. Courthouse, 255 East Temple Street,
19  Los Angeles, CA 90012, on September 17, 2024, at 9:00 a.m.
20
21  JUSTIN WALKER                                 Date  1-23-24
    Defendant
22
                      CERTIFICATION OF INTERPRETER
23
       I, Wenxuan Zhou, am fluent in the written and spoken English
24
    and Mandarin languages. I accurately translated this entire
25
    agreement from English into Madarin to defendant JUSTIN WALKER on
26
    this date.
27
    Wenxuan Zhou                                  01-23-24
28  Interpreter                                   Date
```

7

## APPENDIX A: LIST OF ATTORNEY OBLIGATIONS

- State v. Xiangyu Liu et al., 23-B-000146, Gwinnett County, Georgia, a multi-defendant marijuana trafficking trial set to begin March 11, 2024, and estimated to last four days;

- United States v. Sai Zhang et al., 2:23-cr-00258-DMG (CDCA), a multi-defendant conspiracy trial set to begin on April 2, 2024, and estimated to last one week.

- People v. Leon Johnson, 21C5-50061, Cook County, Illinois, a one-day bench trial.

## APPENDIX B: LIST OF ATTORNEY OBLIGATIONS

- United States v. Lerma, et al., CR-18-00172-GW, a multi-defendant capital murder trial set to begin on July 23, 2024, and estimated to last one month.