```
JOSEPH T. MCNALLY
Acting United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
NISHA CHANDRAN (Cal. Bar No. 325345)
Assistant United States Attorney
Corporate and Securities Fraud Strike Force
MAXWELL COLL (Cal. Bar No. 312651)
ALEXANDER S. GORIN (Cal. Bar No. 326235)
Assistant United States Attorneys
Cyber and Intellectual Property Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2429/1785/3190
     Facsimile: (213) 894-0241
     Email:     nisha.chandran@usdoj.gov
                maxwell.coll@usdoj.gov
                alexander.gorin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:23-cr-00596-RGK |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u> |
| v. | |
| JOSEPH WONG, | |
| Defendant. | **CURRENT TRIAL DATE:** 3-25-2025<br>**PROPOSED TRIAL DATE:** 11-18-2025 |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Nisha Chandran, Maxwell Coll, and Alexander S. Gorin, and defendant JOSEPH WONG ("defendant WONG"), both individually and by and through his counsel of record, Jesse Ruiz, hereby stipulate as follows:

1. The Indictment in this case was filed on December 6, 2023. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on January 27, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 7, 2025. Co-defendant Hailong Zhu remains a fugitive. Plea agreements have been filed as to co-defendants Justin Walker and Lu Zhang. (See Dkts. 64, 72.)

2. On January 27, 2025, the Court set a trial date of March 25, 2025.

3. Defendant WONG is released on bond pending trial. The parties estimate that the trial in this matter will last approximately five days. All defendants are joined for trial and a severance has not been granted.

4. By this stipulation, defendant moves to continue the trial date to November 18, 2025. This is the first request for a continuance as to defendant WONG.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendant is charged with a violations of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h); Concealment Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and International Money Laundering, in violation of 18 U.S.C. § 1956(a)(2)(B)(i). Upon entry of a protective order as to defendant Wong, the government will produce discovery to the defense, including thousands of pages of financial documents, photographs, videos, electronic messages, and written reports, among

other files. The government will produce additional discovery as it becomes available.

      b.    Defense counsel for defendant WONG is presently scheduled to be in trial as described in Appendix A. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

      c.    In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

      e.    The government does not object to the continuance.

      f.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of March 25, 2025, to November 18, 2025, inclusive,

should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated:    March 10, 2025          Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney

DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division

           /s/
ALEXANDER S. GORIN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1  I am JOSEPH WONG'S attorney. I have carefully discussed every
2  part of this stipulation and the continuance of the trial date with
3  my client. I have fully informed my client of his Speedy Trial
4  rights. To my knowledge, my client understands those rights and
5  agrees to waive them. I believe that my client's decision to give up
6  the right to be brought to trial earlier than November 18, 2025, is
7  an informed and voluntary one.

_____     03·07·2025
JESSE RUIZ                           Date
Attorney for Defendant
JOSEPH WONG

11  I have read this stipulation and have carefully discussed it
12  with my attorney. This agreement has been read to me in Mandarin, the
13  language I understand best, and I have carefully discussed every part
14  of it with my attorney. I understand my Speedy Trial rights. I
15  voluntarily agree to the continuance of the trial date, and give up
16  my right to be brought to trial earlier than November 18, 2025. I
17  understand that I will be ordered to appear in Courtroom 850 of the
18  Roybal Federal Building and U.S. Courthouse, 255 East Temple Street,
19  Los Angeles, California on November 18, 2025, at 9:00 a.m.

_____     03·07·2025
JOSEPH WONG                          Date
Defendant

**CERTIFICATION OF INTERPRETER**

I, Stacy Li, am fluent in the written and spoken English and Mandarin languages. I accurately translated this entire agreement from English into Mandarin to defendant WONG on this date.

*Stacy Li*                           03/10/2025
INTERPRETER                          Date

5