JOSEPH T. MCNALLY
Acting United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, Criminal Division
MAXWELL COLL (Cal. Bar No. 312651)
ALEXANDER S. GORIN (Cal. Bar No. 326235)
Assistant United States Attorneys
Cyber and Intellectual Property Crimes Section
NISHA CHANDRAN (Cal. Bar No. 325345)
Assistant United States Attorney
Corporate and Securities Fraud Strike Force
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-1785/3190/2429
     Facsimile: (213) 894-0241
     Email:   maxwell.coll@usdoj.gov
              alexander.gorin@usdoj.gov
              nisha.chandran@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>          v.<br><br>JOSEPH WONG,<br><br>      Defendant. | No. 2:23-CR-00596-RGK-2<br><br>PLEA AGREEMENT FOR DEFENDANT JOSEPH WONG |

    1.   This constitutes the plea agreement between JOSEPH WONG ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") and the United States Department of Justice, Computer Crime and Intellectual Property Section ("CCIPS" and together with the USAO, the "United States") in the above-captioned case. This agreement is limited to the USAO and CCIPS and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2.    Defendant agrees to:

a.    At the earliest opportunity requested by the United States and provided by the Court, appear and plead guilty to count one of the indictment in <u>United States v. Lu Zhang et al.</u>, CR No. 23-596-RGK, which charges defendant with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.    Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

2

1          i.   Complete the Financial Disclosure Statement on a form

2  provided by the USAO and, within 30 days of defendant's entry of a

3  guilty plea, deliver the signed and dated statement, along with all

4  of the documents requested therein, to the USAO by either email at

5  usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

6  Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

7  Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

8  criminal debt shall be assessed based on the completed Financial

9  Disclosure Statement and all required supporting documents, as well

10  as other relevant information relating to ability to pay.

11          j.   Authorize the USAO to obtain a credit report upon

12  returning a signed copy of this plea agreement.

13          k.   Consent to the USAO inspecting and copying all of

14  defendant's financial documents and financial information held by the

15  United States Probation and Pretrial Services Office.

16                  THE UNITED STATES' OBLIGATIONS

17    3.   The United States agrees to:

18          a.   Not contest facts agreed to in this agreement.

19          b.   Abide by all agreements regarding sentencing contained

20  in this agreement.

21          c.   At the time of sentencing, move to dismiss the

22  remaining counts of the indictment as against defendant.  Defendant

23  agrees, however, that at the time of sentencing the Court may

24  consider any dismissed charges in determining the applicable

25  Sentencing Guidelines range, the propriety and extent of any

26  departure from that range, and the sentence to be imposed.

27          d.   At the time of sentencing, provided that defendant

28  demonstrates an acceptance of responsibility for the offense up to

1  and including the time of sentencing, recommend a two-level reduction

2  in the applicable Sentencing Guidelines offense level, pursuant to

3  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

4  additional one-level reduction if available under that section.

5                    NATURE OF THE OFFENSE

6      4.   Defendant understands that for defendant to be guilty of

7  the crime charged in count one, that is, conspiracy to commit money

8  laundering, in violation of Title 18, United States Code, Section

9  1956(h), the following must be true:  First, there was an agreement

10 between two or more persons to engage in concealment money

11 laundering, in violation of Title 18, United States Code, Section

12 1956(a)(1)(B)(i); and second, defendant became a member of the

13 conspiracy knowing of its object and intending to help accomplish it.

14 The elements of concealment money laundering, are as follows: first,

15 defendant conducted or intended to conduct a financial transaction

16 involving property that represented the proceeds of wire fraud, in

17 violation of Title 18, United States Code, Section 1343; second,

18 defendant knew that the property represented the proceeds of some

19 form of unlawful activity; and third, defendant knew that the

20 transaction was designed in whole or in part to conceal or disguise

21 the nature, location, source, ownership, and control of the proceeds.

22                  PENALTIES AND RESTITUTION

23     5.   Defendant understands that the statutory maximum sentence

24 that the Court can impose for a violation of Title 18, United States

25 Code, Section 1956(h), is: 20 years' imprisonment; a three-year

26 period of supervised release; a fine of $500,000 or twice the gross

27 gain or gross loss resulting from the offense, whichever is greatest;

28 and a mandatory special assessment of $100.

6. Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the United States' compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty. The applicable amount of restitution is at least $7,560,014. The parties agree that the amount of restitution could change based on facts that come to the attention of the parties prior to sentencing.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant

1  understands that he is pleading guilty to a felony and that it is a

2  federal crime for a convicted felon to possess a firearm or

3  ammunition.  Defendant understands that the conviction in this case

4  may also subject defendant to various other collateral consequences,

5  including but not limited to revocation of probation, parole, or

6  supervised release in another case and suspension or revocation of a

7  professional license.  Defendant understands that unanticipated

8  collateral consequences will not serve as grounds to withdraw

9  defendant's guilty plea.

10      9.    Defendant and his counsel have discussed the fact that, and

11  defendant understands that, if defendant is not a United States

12  citizen, the conviction in this case makes it practically inevitable

13  and a virtual certainty that defendant will be removed or deported

14  from the United States.  Defendant may also be denied United States

15  citizenship and admission to the United States in the future.

16  Defendant understands that while there may be arguments that

17  defendant can raise in immigration proceedings to avoid or delay

18  removal, removal is presumptively mandatory and a virtual certainty

19  in this case.  Defendant further understands that removal and

20  immigration consequences are the subject of a separate proceeding and

21  that no one, including his attorney or the Court, can predict to an

22  absolute certainty the effect of his conviction on his immigration

23  status.  Defendant nevertheless affirms that he wants to plead guilty

24  regardless of any immigration consequences that his plea may entail,

25  even if the consequence is automatic removal from the United States.

26                          FACTUAL BASIS

27      10.   Defendant admits that defendant is, in fact, guilty of the

28  offense to which defendant is agreeing to plead guilty.  Defendant

6

and the United States agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning from at least September 2022, and continuing through at least March 21, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant knowingly conspired with LU ZHANG, JUSTIN WALKER, and HAILONG ZHU, and others, to conduct financial transactions involving property that represented the proceeds of wire fraud, in violation of Title 18, United States Code, Section 1343. Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

Defendant admits that he conspired with ZHANG, WALKER, and ZHU to launder funds obtained from victims through cryptocurrency scams and related frauds, as described in count one of the indictment, and admits that the factual allegations described in count one are true and accurate. Defendant knew that the property involved in the financial transactions represented, and would represent, the proceeds of some form of unlawful activity; that the transactions were, and would be, designed in whole or in part to conceal or disguise the nature, location, source, ownership, and control of the proceeds; and that defendant and codefendants laundered at least $20 million in fraudulently obtained funds.

In furtherance of the conspiracy, defendant managed a network of money launderers within Los Angeles County, and elsewhere. Defendant

communicated with his co-conspirators and coordinated acts in furtherance of the conspiracy through an encrypted messaging service. In order to conceal or disguise the nature, location, source, ownership, and control of the fraudulently obtained victim funds, defendant and ZHANG, WALKER, and ZHU received victim funds in bank accounts established on behalf of shell companies and caused the further transfer of victim funds to domestic and international bank accounts.  Defendant and other co-conspirators also registered shell companies with the California Secretary of State, including Sea Dragon Trading and Sea Dragon Remodel and opened bank accounts in the names of various shell companies, including Sea Dragon Trading and Sea Dragon Remodel, with United States financial institutions. Defendant and other co-conspirators arranged for the transfer of the fraudulently obtained proceeds via interstate and international wire transfers.

Defendant and other co-conspirators traveled to financial institutions within the Central District of California and elsewhere to access funds in the bank accounts used to launder fraud proceeds. Defendant also controlled online access to accounts at United States financial institutions that were used to launder fraud proceeds. Defendant made phone calls to these financial institutions and falsely represented that he was the accountholder when, in fact, another co-conspirator was the accountholder.  During these calls, defendant and others tried to unfreeze accounts that banks had restricted due to fraud concerns.

Defendant admits that at least $20 million in victim funds were directly deposited into bank accounts associated with defendant and his co-conspirators, and more than $2.2 million in victim funds were

1  directly deposited into bank accounts associated with the Sea Dragon

2  shell entities.

3  SENTENCING FACTORS

4  11.  Defendant understands that in determining defendant's

5  sentence the Court is required to calculate the applicable Sentencing

6  Guidelines range and to consider that range, possible departures

7  under the Sentencing Guidelines, and the other sentencing factors set

8  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

9  Sentencing Guidelines are advisory only, that defendant cannot have

10  any expectation of receiving a sentence within the calculated

11  Sentencing Guidelines range, and that after considering the

12  Sentencing Guidelines and the other § 3553(a) factors, the Court will

13  be free to exercise its discretion to impose any sentence it finds

14  appropriate up to the maximum set by statute for the crime of

15  conviction.

16  12.  Defendant and the United States agree to the following

17  applicable Sentencing Guidelines factors:

| Base Offense Level: | 8 | U.S.S.G. § 2S1.1(a)(2)<br>U.S.S.G. § 2X1.1(a) |
|---|---|---|
| Laundered Funds Between More<br>Than $1,500,000 and More Than<br>$25,000,000 | +16<br>to<br>+22 | U.S.S.G. § 2B1.1(b)(1)(I)<br><br>U.S.S.G. § 2B1.1(b)(1)(L) |
| Conviction Under § 1956 | +2 | U.S.S.G. § 2S1.1(b)(2)(B) |
| Sophisticated Money<br>Laundering | +2 | U.S.S.G. § 2S1.1(b)(3) |

25  Defendant and the United States reserve the right to argue that

26  additional specific offense characteristics, adjustments, and

27  departures under the Sentencing Guidelines are appropriate, including

28  the application of U.S.S.G. § 3B1.1(a).  Specifically, the government

9

reserves the right to argue that defendant should receive up to a 22-level enhancement for laundered funds exceeding $25,000,000, under U.S.S.G. § 2B1.1(b)(1)(L), and defendant reserves the right to argue that defendant should receive no more than a 16-level enhancement for laundered funds exceeding $1,500,000, under U.S.S.G. § 2B1.1(b)(1)(I).

13.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.  Defendant and the United States reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.   The right to persist in a plea of not guilty.

    b.   The right to a speedy and public trial by jury.

    c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e.   The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

16.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK</u>

17.    Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction within or below the range corresponding with an offense level of 35 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory

maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18.    Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

19.    The United States agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding with an offense level of 35 and the criminal history category calculated by the Court, the United States gives up its right to appeal any portion of the sentence with the exception that the United States reserves the right to appeal the amount of restitution ordered if that amount is less than $7,560,014.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the United States will be relieved of all of its obligations under this agreement; and (b) should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

21.   Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

22.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

23.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant

1   United States Attorney, knowingly violates or fails to perform any of

2   defendant's obligations under this agreement ("a breach"), the United

3   States may declare this agreement breached.  All of defendant's

4   obligations are material, a single breach of this agreement is

5   sufficient for the United States to declare a breach, and defendant

6   shall not be deemed to have cured a breach without the express

7   agreement of the United States in writing.  If the United States

8   declares this agreement breached, and the Court finds such a breach

9   to have occurred, then: (a) if defendant has previously entered a

10  guilty plea pursuant to this agreement, defendant will not be able to

11  withdraw the guilty plea, and (b) the United States will be relieved

12  of all its obligations under this agreement.

13      24.  Following the Court's finding of a knowing breach of this

14  agreement by defendant, should the United States choose to pursue any

15  charge that was either dismissed or not filed as a result of this

16  agreement, then:

17          a.   Defendant agrees that any applicable statute of

18  limitations is tolled between the date of defendant's signing of this

19  agreement and the filing commencing any such action.

20          b.   Defendant waives and gives up all defenses based on

21  the statute of limitations, any claim of pre-indictment delay, or any

22  speedy trial claim with respect to any such action, except to the

23  extent that such defenses existed as of the date of defendant's

24  signing this agreement.

25          c.   Defendant agrees that: (i) any statements made by

26  defendant, under oath, at the guilty plea hearing (if such a hearing

27  occurred prior to the breach); (ii) the agreed to factual basis

28  statement in this agreement; and (iii) any evidence derived from such

14

statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

25. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the United States' sentencing recommendations or the parties' agreements to facts or sentencing factors.

26. Defendant understands that both defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.  While this paragraph permits both the United States and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement,

this paragraph does not affect defendant's and the United States' obligations not to contest the facts agreed to in this agreement.

27. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

28. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the United States and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

16

1

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2   29. The parties agree that this agreement will be considered

3 part of the record of defendant's guilty plea hearing as if the

4 entire agreement had been read into the record of the proceeding.

5 AGREED AND ACCEPTED

6 UNITED STATES ATTORNEY'S OFFICE
 FOR THE CENTRAL DISTRICT OF
7 CALIFORNIA

8 JOSEPH T. MCNALLY
 Acting United States Attorney

9

10 _____  4/9/2025
               Date
11 MAXWELL COLL
 NISHA CHANDRAN
 ALEXANDER S. GORIN
12 Assistant United States Attorneys

13 STEFANIE SCHWARTZ
 TAMARA LIVSHIZ
14 Trial Attorneys
 Criminal Division, Computer Crime
15 and Intellectual Property Section

16

17 _____  4/8/25
 JOSEPH WONG         Date
18 Defendant

19 _____  04/08/2025
 JESSE RUIZ          Date
20 Attorney for Defendant JOSEPH WONG

21

22

23

24

25

26

27

28

17

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. This agreement has been read to me in Mandarin, the language I understand best. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          4/8/25
JOSEPH WONG                        Date
Defendant

18

1

CERTIFICATION OF INTERPRETER

I, Zhaohong Lu (320309), am fluent in the written and spoken English and Mandarin languages.  I accurately translated this entire agreement from English into Mandarin to defendant JOSEPH WONG on this date.

_Zhaohong Lu_
Zhaohong Lu (320309)                                 04/08/2025
INTERPRETER                                          Date


CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JOSEPH WONG's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.


_Jesse Ruiz_                                         04/08/2025
JESSE RUIZ                                           Date
Attorney for Defendant JOSEPH WONG